UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE LOPEZ GOMEZ,

      Petitioner,

v.                                    Case No.  2:26-cv-1356-JES-NPM

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Petitioner Jorge Lopez Gomez, an immigration detainee currently held at the El Paso Processing Center, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1).  Respondents have filed a response and a supplemental response to the petition.  (Doc. 9; Doc. 14).  Upon review of the parties' filings, the Court finds that the petition must be granted.

## I.   Background

Lopez Gomez, a citizen of Cuba, entered the United States on May 25, 1986.  (Doc. 9 at 2).  He returned to Cuba on June 14, 1999, but reentered the United States at an unknown time and place and was released under an order of supervision.  (Id.)  Lopez Gomez has a lengthy criminal history as a sex offender, and on May 20, 2015, he was sentenced to ten years in prison for attempted sexual battery of a minor.  (Id.)

On November 17, 2025, Lopez Gomez was taken into custody of Immigration and Customs Enforcement (ICE), and his order of supervision was revoked.  (Doc. 9 at 2).  On January 12, 2026, Lopez Gomez was served with a notice of removal to Mexico.  (Id.)

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

Lopez Gomez argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because his post-removal-order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future.  In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably

2

removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.[1]

Here, there is no dispute that Lopez Gomez has been in ICE custody for more than six months following his latest detention. Thus, on June 4, 2026, the Court directed Respondents to "describe in detail all efforts made to secure Lopez Gomez's removal." (Doc. 13). Respondents offer the declaration of Deportation Officer Ricardo Herrero who asserts the following:

> On December 16, 2025, the government of Cuba denied the petitioner's repatriation to Cuba.
>
> On or about January 12, 2026, the petitioner was served with a third country removal notice to Mexico. He refused to sign the notice.
>
> On or about April 26, 2026, the petitioner was transferred to the Otero County Processing Center.

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

3

> On or about April 30, 2026, the petitioner was served with another third country removal notice to Mexico.  He refused to sign the notice.
>
> On or about May 9, 2026, the petitioner was returned to Krome due to being a Failure to Comply.
>
> The next step in the removal process is to again attempt removal to Mexico, as this remains a viable option unless and until Mexico affirmatively denies his admission.

(Doc. 14-1 at 2).  Notably, Respondents do not allege that Mexico has actually agreed to accept Lopez Gomez or that ICE even had an approved plan for removal to Mexico that Petitioner thwarted in some way.  Further, assuming that Mexico was willing to accept Lopez Gomez (notwithstanding his criminal record), Officer Herrero does not explain why ICE could not or did not thereafter seek travel documents or otherwise plan for his removal to Mexico in a different way, such as a charter flight.  In fact, Respondents provide no evidence suggesting that ICE actually communicated with Mexico specifically regarding Lopez Gomez.  Nor do Respondents claim that necessary travel documents have been sought—let alone obtained—for any country.  The Court's confidence in Petitioner's foreseeable removal to Mexico is further undermined by the fact that other district courts recognize that Mexico's acceptance of a Cuban national may be contingent upon the noncitizen's agreement to go there, which Respondents admit they do not have.  See Sanchez v. Bondi, et al., No. C25-2573-KKE, 2026 WL 160882, at 3-4 (W.D. Wash. Jan. 21, 2026) (noting that Mexico's conditional acceptance

4

casted doubt on Respondents' ability to remove the petitioner); Arenado-Borges v. Bondi, No. 2:25-cv-2193-JNW, 2020WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) ("[T]he record suggest Mexico's acceptance may be contingent on the noncitizen's consent").

In short, Respondents present no evidence showing any significant steps taken to remove Lopez Gomez to Cuba or another country.  Thus, based on the evidence, or lack thereof, the Court finds that Respondents do not show a significant likelihood that he will be removed in the reasonably foreseeable future. Respondents have had more than six months since his present detention to remove Lopez Gomez and are still unable to articulate a specific plan for his removal to any country.  And while there may be some possibility that Mexico will eventually accept him, "that is not same as a significant likelihood that [he] will be accepted in the *reasonably foreseeable future*."  Arenado-Borges, 2025 WL 3687518, at *4 (emphasis added, quotations omitted). "[T]he Government cannot lock individuals in a cell indefinitely as a workaround for a stalled deportation process."  Romero v. Noem, No. 2:26-cv-352-KCD-NPM, 2026 WL 820499, at * 3) (M.D. Fla. May 25, 2026) (citing Zadvydas, 533 U.S. at 679).

Therefore, Lopez Gomez is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision.  If he fails to comply with the conditions of release, Lopez Gomez may be subject to criminal penalties—including further

5

detention.  See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Lopez Gomez to "assur[e] [his] presence at the moment of removal."  Zadvydas, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1.   Jorge Lopez Gomez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Respondents shall release Lopez Gomez within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE